UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM S. CARSON,
SYLVIA H. CARSON,

      Plaintiffs,

v.                                                                                                  Case No. 8:10-CV-2362-T17-EAJ

WELLS FARGO BANK, N.A.,

      Defendant.

_____/

## ORDER ON DEFENDANT WELLS FARGO'S MOTION TO DISMISS OR STAY

THIS CAUSE is before the Court on the Defendant Wells Fargo's Motion to

Dismiss or Stay and Plaintiffs, William S. Carson and Sylvia H. Carson's (collectively,

"Plaintiffs") response.  For reasons set forth below, the Motion to Dismiss is **GRANTED**

**with prejudice** as to the 42 U.S.C. Section 1983 claim and **GRANTED without**

**prejudice** as to the remaining claims.

## BACKGROUND AND PROCEDURAL HISTORY

This dispute concerns a mortgage on Plaintiffs' property held by Defendant Wells

Fargo.  Wells Fargo filed a complaint in state court on September 30, 2008, to foreclose

on Plaintiffs' property.  (Compl. at ¶ 23 (Oct. 21, 2010); Def. Wells Fargo Bank's Mot.

Dismiss or Stay at p. 1 (Nov. 17, 2010)).  Over two years later, the Plaintiffs initiated the

present action by filing a complaint for a civil rights violation under 42 U.S.C. § 1983

and violations of the Truth in Lending Act (TILA).  (Compl. at ¶¶ 1, 27.)  Plaintiffs seek

"a voiding of any mortgage security interest on Plaintiff's [sic] real property, and for a

ruling of [quiet] title," and damages.  (Compl. at p. 6.)

## STANDARD OF REVIEW

In a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, if a court considers information outside the pleadings, it must consider the

motion a summary judgment motion under Rule 56. Fed. R. Civ. P. 12(d). The

Plaintiffs' Motion in Opposition has introduced outside evidence. (Pl. Mot. Opposition to

Def. Mot. Dismiss or Stay at p. 3–4 (Dec. 13, 2010).) Because the motion can be

resolved without resorting to outside evidence, and a summary judgment order would be

inappropriate, the motion will be considered a motion to dismiss under Rule 12(b)(6), and

the Court will not consider the matters outside the pleadings.

Any defendant to a complaint may move to dismiss such a complaint under Rule

12(b)(6) for "failure to state a claim on which relief can be granted." *See* Fed. R. Civ. P.

12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must

include "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, a complaint must provide

"more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Id.* at 555. "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

## DISCUSSION

### A.     Section 1983 Claim

While the complaint is somewhat inconsistent in referring to the cause of action,

Plaintiffs appear to be bringing a claim under 42 U.S.C. Section 1983 for "deprivation of

property rights . . . as a [r]estraint [o]n [a]lienation of property, with related issues."

(Compl. at ¶ 1.)  Under 42 U.S.C. Section 1983, a person acting under the color of state

law who deprives any citizen of the United States of their rights, privileges, or

immunities is liable to the injured party.  In order to state a claim under Section 1983, one

"must establish that they were deprived of a right secured by the Constitution or laws of

the United States, and that the alleged deprivation was committed under color of state

law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).  Plaintiffs have

failed to state a cause of action under Section 1983 because the complaint does not allege

a right protected by Section 1983 and Wells Fargo did not act under color of state law.

1.      *Right secured by the Constitution or laws of the United States*

Plaintiffs' claim of a restraint on alienation of property does not give rise to a

right under Section 1983 because it is neither a federal statutory right nor a constitutional

right.  Violations of Section 1983 are triggered by "federal statutory as well as

constitutional rights." *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103

(1989).  Plaintiffs' complaint appears to be referring to the common-law doctrine that

unreasonable restraints on alienation of property are unenforceable. *See generally*

*Iglehart v. Phillips*, 383 So. 2d 610, 614–16 (Fla. 1980); 22 Fla. Jur. 2d *Estates, Powers,*

*and Restraints* § 70 (WL current through January 2011).  This doctrine is a common-law

doctrine established in Florida courts, not in the Constitution or in federal statutes. *See*

*Davis v. Geyer*, 151 Fla. 362, 369 (1942) (attributing the rule in Florida to a decision by

the Florida Supreme Court).  Further, a mortgage is not a restraint on alienation. *Vision*

*Bank v. Luke*, 2010 WL 2639626 at *1 (N.D. Fla. 2010) (holding that lender's refusal to

release a mortgage was not a restraint on alienation).  Because the alleged constitutional

3

right is actually a common-law property doctrine, it cannot give rise to a Section 1983 claim.

### 2.   Color of State Law Requirement

Further, in order to state a claim under Section 1983, the defendant must have acted under color of state law. *Sullivan*, 526 U.S. at 49–50. The Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful." *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948); *see also Sullivan*, 526 U.S. at 50 (applying this same principal to Section 1983). Rather, private parties are considered state actors only when they perform a public function, are coerced by the government, or are in such "a position of interdependence with [the State] that [the State] was a joint participant in the enterprise." *Nat'l Broad. Co. v. Commc'n Workers of Am., AFL-CIO*, 860 F.2d 1022, 1026–27 (11th Cir. 1988). In *Cobb v. Georgia Power Co.*, the Eleventh Circuit considered whether the use of a state court restraining order was acting under color of state law. 757 F.2d 1248, 1250 (11th Cir. 1985). The court held that mere use of legal process was not state action; "something more" was required—"something sufficient to bring the state in as a fully culpable co-conspirator." *Id.* at 1251.

In this case, Wells Fargo's filing of a foreclosure action in state court, no matter how offensive to principals of foreclosure law, is not action taken under state law. Just as in *Cobb*, where acquiring a restraining order was not state action, Wells Fargo's use of the legal process does not transform them into a state actor. The "something more" missing from *Cobb* is also missing from the Plaintiffs' complaint—there is no allegation that indicates the state is in any way culpable. While Plaintiffs place great emphasis on Wells Fargo's alleged abuse of foreclosure law, it is not the severity or the wrongfulness

of the action that makes it actionable under the color of state law doctrine; it is

association with the state.  The complaint does not indicate that the government coerced

or participated in Wells Fargo's conduct in any way.  While the Plaintiffs' allegations, if

true, may be troubling, they do not indicate state action, and cannot sustain a Section

1983 claim, which must be dismissed with prejudice.

### B.       Truth in Lending Act Claim

The complaint also indicates violations of TILA.  *See generally* 15 U.S.C.A. §§

1601–67 (WL current through P.L. 112-113).  Under TILA, creditors are required to

make certain disclosures.  *See generally* 15 U.S.C.A. § 1632.  When the creditor acquires

a security interest in the principal dwelling of the borrower, the borrower has a right of

rescission that extends for three years if the creditor does not make the required

disclosures.  The complaint does not state a claim under TILA because it does not allege

that notice of rescission was given within the three-year duration of the right, it does not

allege what disclosures Wells Fargo failed to make, and it does not allege that the loan

concerned a principal dwelling.

### 1.       *Expiration of the right to rescind*

The borrower's right to rescind the transaction expires "three years after the loan

closes or upon sale of the secured property, whichever is earlier." *Beach v. Ocwen*

*Federal Bank*, 523 U.S. 410, 411 (1998).  While Defendant's Motion to Dismiss

references a claim for damages under TILA, the complaint does not allege that the

Plaintiffs were damaged by the TILA violation, only by the restraint on alienation.

(Compl. at ¶¶ 26–27.) The borrower exercises the right of rescission by notifying the

creditor "by mail, telegram or other means of written communication." 12 C.F.R. §

226.23 (2009).  Rescission is automatic once the creditor is notified.  *Williams v. Homesake Mortg. Co.*, 968 F.2d 1137, 1141–42 (11th Cir. 1992).  The Plaintiffs entered into their loan with Wells Fargo on August 30, 2007.  (Compl. at ¶ 9.)  While the Plaintiffs do allege that they sent Wells Fargo a TILA rescission letter, they do not allege that the letter was sent before August 30, 2010.  (Compl. at ¶ 22.)  While filing a court action can constitute a "written communication" satisfying the requirement, this action was not filed until October 21, 2010.  *See Taylor v. Domestic Remodeling, Inc.*, 97 F.3d 96, 100 (5th Cir. 1996).  Wells Fargo argues that the complaint is definitively barred as untimely because the complaint was not filed within the necessary period; however, because notifying the creditor automatically triggers rescission, it is this notification, not the filing of the suit, that must be within the three-year period.  *See* 12 C.F.R. at § 226.23(a)(2); *see also Williams*, 968 F.3d at 1141–42 (finding that rescission is automatic once the creditor is notified).  As such, the TILA claim is dismissed with leave to amend.

### 2.   *Disclosures*

Further, the Plaintiffs also need to indicate what material disclosures Wells Fargo did not provide.  A borrower may rescind up until three days after consummation of the loan, three days after delivery of notice of the right to rescind, or until delivery of all "material disclosures," whichever is latest.  12 C.F.R. at § 226.23(a)(3).  Material disclosures include "the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures and limitations referred to in [12 C.F.R.] § 226.32 (c) and (d)."  *Id.* at n.48.

Plaintiffs' complaint alleges that Wells Fargo "refused a response" to their "attempt to find out what was going on and who was the new owner" and obtain "loan

transaction information." (Compl. at ¶¶ 22, 27.)  While the Plaintiffs claim that the complaint cannot allege specific violations until that information can be found via discovery, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.  Merely pleading that Wells Fargo concealed some unspecified information is a conclusory recitation of an element, and does not withstand a motion to dismiss.  Because the complaint does not indicate that Wells Fargo did not provide a material disclosure, the Plaintiffs' rescission rights under TILA expired three days after closing the loan and receiving disclosure of the right to rescind.

### 3.    *Principal Dwelling*

The Plaintiffs also must plead that Wells Fargo acquired a security interest in their principal dwelling.  The right of rescission only arises "[i]n a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling . . . ." 12 C.F.R. § 226.23(a)(1).  The Plaintiffs have alleged that the loan included "a lakefront lot with home," but did not allege that that home was a principal dwelling. (Compl. ¶ 12.)  Because a home could be a vacation home or second home, which is not considered a principal dwelling, the Plaintiffs need to plead that the transaction gave rise to a security interest in their principal dwelling.  12 C.F.R. at pt. 226, Supp. I, 2(a)(24).

While Wells Fargo claims that this transaction is exempt from the rule solely because it deals with two properties, one of which must, by definition, not be a principal dwelling, this assumes all properties involved in the transaction must be principal dwellings.  Rather, the right applies to transactions where "a security interest is or will be retained or acquired in a consumer's principal dwelling," not where an interest will be

acquired in the consumer's principal dwelling only. *Id.* at § 1603(3); *see also* 12 C.F.R. at pt. 226, Supp. I, 2(a)(24) ("[a] transaction meets the definition of this section if any part of the loan proceeds will be used to finance the acquisition or initial construction of the consumer's principal dwelling."). As such, the fact that an additional property was included in the mortgage does not defeat the principal dwelling requirement, so long as the loan was not for business or commercial purposes. *See* 15 U.S.C.A. § 1603(1).

### 4.   *Ability to Pay Back the Loan*

A court may condition the voiding of a security interest during the rescission process on the plaintiff's ability to repay the loan. *Williams*, 968 F.2d at 1142. This decision should be based upon "traditional equitable notions" such as the severity of the violations and the plaintiff's ability to repay the principal amount. *Id.* While some courts have dismissed complaints due to the plaintiff's inability to repay, these courts have done so with knowledge of the severity of the breaches as well as the plaintiff's inability to repay. *See e.g., Jobe v. Argent Mortg. Co.*, 373 Fed. Appx. 260, 262 (2010) (finding that denial of rescission was appropriate when plaintiffs had been unable to make payments for more then four years); *Am. Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 821–22 (2007) (finding the trial court properly exercised discretion to deny rescission when the plaintiff had made no payments for the past year and admitted their inability to repay the loan). Additionally, the law of the Eleventh Circuit differs somewhat from other circuits in that rescission is automatic, but may be modified by the courts, while other jurisdictions hold that rescission does not take effect until approved by the lender or by the courts. *Compare Williams*, 948 F.2d at 1141–42 *with Shelton*, 486 F.3d at 821–22.

While the Plaintiffs have not pleaded the ability to pay back the principal, it would not promote traditional equitable notions to dismiss the complaint with prejudice at this stage. While the plaintiffs in *Shelton* and *Jobe* had been unable to make payments for some period of time, the Plaintiffs in this case claim to be able to pay off at least part of the loan by selling the property at issue. Assuming this to be true, as the Court must at the pleading stage, it would not promote equitable notions to deny rescission to the Plaintiffs when rescission will enable them to return at least part of the principal. Further, considering the lack of clarity as to what violations of TILA occurred, if any, it is impossible to determine the severity of Wells Fargo's alleged breaches. While the Plaintiffs might improve their position by alleging what, if any, ability they have to repay the principal upon rescission (subject to Rule 11 of the Federal Rules of Civil Procedure), at this point denying rescission due to the Plaintiffs' inability to repay the loan would not be equitable.

### C.   Quiet Title Claim

If any quiet title claim exists in the Plaintiffs' complaint, it is based entirely on the other two causes of action. The only time quiet title is mentioned in the complaint is in the prayer for relief. (Compl. at p. 6.) As such, any quiet title claim is necessarily dismissed with the dismissal of the other two claims.

### D.   Motion to Stay

In the alternative, or should the Plaintiffs effectively amend their complaint, the action should be stayed pending resolution of the state court action. Federal courts may stay an action when litigation is pending in state court, although this is a rare occurrence to be reserved for only exceptional circumstances. *Colorado River Water Conserv. Dist.*

*v. U.S.*, 424 U.S. 800, 817–18 (1976).  Whether such exceptional circumstances exist is

judged by six factors:

> (1) the order in which the courts assumed jurisdiction over property;
> (2) the relative inconvenience of the fora; (3) the order in which
> jurisdiction was obtained and the relative progress of the two actions; (4)
> the desire to avoid piecemeal litigation; (5) whether federal law provides
> the rule of decision; and (6) whether the state court will adequately protect
> the rights of all parties.

*TranSouth Financial Corp. v. Bell*, 149 F.3d 1292, 1294–95 (11th Cir. 1998).  These

factors are not a "mechanical checklist," but are to be balanced together "with the balance

heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial*

*Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 15–16 (1983).  Nevertheless, in the instant

case the factors weigh heavily in favor of granting a stay, because the state court has

assumed jurisdiction over the property, the state court action has been in progress for two

years, there is a strong risk of piecemeal litigation, and the state court can adequately

protect the rights of all parties.

The first factor weighs in favor of granting a stay because the state court has

assumed jurisdiction of the property.  In *in rem* proceedings, the court which controls the

"property has exclusive jurisdiction to proceed." *Donovan v. City of Dallas*, 377 U.S.

408, 412 (1964).  The state court action is an action *in rem*, and the court has already

obtained jurisdiction over the property.  (Def. Wells Fargo Bank's Mot. Dismiss or Stay

at p. 10.)  The fact that this action is currently an *in personam* action weighs against this

finding somewhat, although Wells Fargo does indicate it plans to file a counterclaim for

foreclosure if this action continues. *Id.*  Still, because this action concerns the property

that the state court has already acquired jurisdiction over, and Wells Fargo plans to bring counterclaims that would make this an *in rem* proceeding, this factor favors a stay.

The order in which jurisdiction was obtained and the risk of piecemeal litigation weigh heavily against exercising jurisdiction. The relative progress made in the state and federal court lawsuits is of more importance then a mechanical application of priority. *Moses*, 460 U.S. at 21. Still, the state court action was filed over two years ago. (Def. Wells Fargo Bank's Mot. Dismiss or Stay at p. 11.) The Plaintiffs are essentially using this action as a defense to the state court foreclosure action. (*See* Pl. Mot. Opposition to Def. Mot. Dismiss or Stay at p. 9 (claiming that if this Court ruled for the plaintiff, it would void the state court action)). As such, there is a high risk of inconsistent rulings and piecemeal litigation. *See American Inter. Underwriters, Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1258 (1988) ("[p]iecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and reaching different results"). While this action may raise claims not raised in the state court action, after the Defendant is given a chance to answer and submit counterclaims, this action will largely duplicate the foreclosure suit.

Further, there is no reason why the state court cannot adequately handle these claims. A claim of an unreasonable restraint on alienation is a Florida common law cause of action, which the state court should have no problems resolving. While TILA is federal law, and federal law does provide the rule of decision under the fifth factor, the state courts have jurisdiction to evaluate TILA claims as a defense to foreclosure actions. *See Beach v. Great Western Bank*, 670 So. 2d 986 (Fla. 4th Dist. 1996) (discussing the use of TILA rescission as a defense to foreclosure). It does not appear from the

complaint that the Plaintiffs bring any particularly novel TILA claim beyond the capacity of the state courts.

In addition, the Plaintiffs have raised numerous concerns about the "rocket docket" and "foreclosuregate" issues in state court. (Pl. Mot. Opposition to Def. Mot. Dismiss or Stay at p. 1.) While these may be legitimate concerns for the state of Florida and for trial courts in general, it does not make the court inadequate. This factor does not require the state court to be the best forum for the suit, only that the law provides a means for the protection of the rights of all parties in state court. *See Moses*, 460 U.S. 942–43 (explaining that a stay was inappropriate because there was doubt the state court had the power to compel arbitration). State appellate courts should fix any legal errors made in state trial court, not federal trial courts.

The only remaining factor, the relative inconvenience of the fora, is not relevant here. Neither party has communicated any issues of convenience in their memoranda.

## CONCLUSION

Wells Fargo is not a state actor for the purposes of a Section 1983 claim. Additionally, the Plaintiffs have not pleaded that they met the statute of limitations for the TILA claim, what required disclosures Wells Fargo failed to make, or that the loan concerned their principal dwelling. Accordingly, it is:

ORDERED that Wells Fargo's Motion to Dismiss the Plaintiffs' complaint be

GRANTED with prejudice as to the 42 U.S.C. Section 1983 claim and GRANTED

without prejudice as to the remaining claims. However, because this Court has

additionally determined that this case should be stayed, this Court will not allow the

Plaintiffs to file their amended complaint at this juncture. This Court is administratively

closing this case pending the proceedings in state court. If the case is reactivated, the

Plaintiffs will be given adequate time to file an amended complaint and the Defendant

will be given the opportunity to answer and counterclaim. The Parties are further ordered

to file a status report in regard to this case every three months. The Parties first status

report is to be filed on or before September 19th, 2011. The Clerk of the Court is directed

to administratively close this case.

DONE AND ORDERED in Chambers at Tampa, Florida this 20th of June, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.

13